Chief Justice CASTILLE, Justices SAYLOR, BAER, TODD and McCAFFERY join the opinion.

COMMONWEALTH of Pennsylvania, Appellee

v.

Stella SLOAN, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 7, 2011.

Filed May 28, 2013.

Brandon P. Ging, Public Defender and Suzanne M. Swan, Public Defender, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Pittsburgh, for appellee.

BEFORE: MUSMANNO, PANELLA and STRASSBURGER *, JJ.

OPINION BY MUSMANNO, J.:

Stella Sloan ("Sloan") appeals from the judgment of sentence imposed after she was convicted of theft by deception and receiving stolen property.[1] We vacate the judgment of sentence and remand to discharge Sloan based on a violation of Pennsylvania Rule of Criminal Procedure 600.

Sloan was convicted of the above offenses after a non-jury trial. The trial court sentenced her, on the charge of theft by deception, to a prison term of 12 to 60 months followed by a two-year probation term, and to a concurrent probation term of seven years on the charge of receiving stolen property. Sloan filed a timely appeal of the judgment of sentence. The trial court ordered Sloan to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). After receiving an extension of time, Sloan filed her Concise Statement. Sloan raised the following issue on appeal:

Did the trial court abuse its discretion and/or commit an error of law when it

denied [Sloan's] Motion to dismiss pursuant to Pa.R.Crim.P. 600 ... ?[2]

Brief for Appellant at 5. On appeal, this Court affirmed, relying on the trial court's Opinion of July 13, 2010. *Commonwealth v. Sloan*, 30 A.3d 551 (Pa.Super.2011) (unpublished Memorandum at 3–4); *see also* Trial Court Opinion, 7/13/10, at 3–8.

Subsequently, Sloan filed a Petition for allowance of appeal to the Pennsylvania Supreme Court, which was granted. The Supreme Court entered an Order vacating this Court's decision, and remanding to this Court "for reconsideration of the trial court's analysis, and preparation of an opinion, in light of *Commonwealth v. Bradford*, —— Pa. ——, 46 A.3d 693 (2012)." *Commonwealth v. Sloan*, —— Pa. ——, 55 A.3d 1050 (2012).

■■■ "In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." *Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa.Super.2004).

"Rule 600 requires the court to consider whether the Commonwealth exercised due diligence, and whether the circumstances occasioning the delay of trial were beyond the Commonwealth's control." If the Commonwealth exercised due diligence and the delay was beyond

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S.A. §§ 3922(a)(1), 3925.

2. Rule 600 of the Pennsylvania Rules of Criminal Procedure provides, in pertinent part, as follows:

(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

. . .

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney

may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated.... If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain.... If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa.R.Crim.P. 600.

the Commonwealth's control, "the motion to dismiss shall be denied." Pa. R.Crim.P. 600(G). The Commonwealth, however, has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence. As has been oft stated, "[d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort."

*Bradford,* 46 A.3d at 701–02 (citations omitted).

In *Bradford,* the police filed a criminal complaint against the defendant on September 24, 2008. *Id.* at 695. At the defendant's preliminary hearing on October 9, 2008, an assistant district attorney was present. *Id.* The magisterial district judge held all charges over for court and scheduled a formal arraignment for December 12, 2008. *Id.* However, the district judge failed to comply with Pa.R.Crim.P. 547(B),[3] which requires the district judge to forward the preliminary hearing transcript to the Department of Court Records of the Court of Common Pleas within five days of holding the defendant for court. *Id.* Therefore, the case was not entered into the Department of Court Records's docketing system. *Bradford,* 46 A.3d at 695. As a consequence, that docketing system did not generate a "CR number," which would have triggered the district attorney's office's tracking system for Rule 600 run dates. *Id.*

After his preliminary hearing, the defendant returned to the Allegheny County jail, and no further proceedings occurred until October 9, 2009, when the defendant filed a counseled motion to dismiss pursuant to Rule 600. *Id.* at 696.

Upon receipt of the motion to dismiss, the district attorney's office realized that the case had not been entered into its docketing system or the Court of Common Pleas' docketing system, and contacted the district judge's office, who faxed the required documents to the Department of Court Records. *Id.* The Department's docketing system then generated a CR number, which was transmitted to the district attorney's office on October 15, 2009. *Id.* On the same date, the district attorney filed a criminal information. Subsequently, a pre-trial conference was scheduled for October 23, 2009, and trial was scheduled for the first available date, December 7, 2009 (73 days after the Rule 600 run date). *Id.*

On November 9, 2009, the trial court granted the defendant's Rule 600 Motion to dismiss. *Id.* The trial court held that, because an assistant district attorney had been present at the preliminary hearing, the district attorney's office had notice of the charges against the defendant. *Id.* The trial court also concluded that the district attorney's office had not exercised due diligence in bringing the case to trial because of the office's reliance on "the clerks of the District Magistrate Court and the Department of Court Records." *Id.*

The Commonwealth appealed to the Superior Court, which affirmed. *See id.* at 697. The Pennsylvania Supreme Court then granted review. *Id.* at 698–99.

■ The Pennsylvania Supreme Court determined that all of the delay in bringing the case to trial "resulted from the District Judge's failure to forward the documents to the Court of Common Pleas in compliance with Pa.R.Crim.P. 547(6)...."

---

**3.** Rule 547(B) provides that "[t]he issuing authority shall transmit the transcript to the clerk of the proper court within 5 days after holding the defendant for court." Pa. R.Crim.P. 547(B).

*Bradford*, 46 A.3d at 702. The Court held that this circumstance was "clearly beyond the control of the Commonwealth." *Id.* (citing Pa.R.Crim.P. 600(G)).[4] The Court concluded that it was not unreasonable for the district attorney "to have relied upon the Magisterial District Judge's compliance with the Rules of Criminal Procedure to trigger its internal tracking system." *Id.* at 704. The Court further held that the district attorney's office had exercised due diligence "when it relied upon the minor judiciary following the specific, mandatory Rules of Criminal Procedure, which placed upon the District Judge the obligation to transmit timely papers to the common pleas court." *Id.* at 704–05. Because the Commonwealth had exercised due diligence and "the delay resulted from judicial delay beyond the Commonwealth's control," the Supreme Court reversed the Superior Court's decision and ordered the trial court to reinstate the charges against the defendant. *Id.* at 705.

In the instant case, the facts pertinent to the Rule 600 issue are as follows. The Commonwealth filed the Criminal Complaint against Sloan on July 30, 2008. Sloan waived her preliminary hearing on September 11, 2008, and formal arraignment was scheduled for November 12, 2008. On that date, the formal arraignment was re-scheduled until January 8, 2009, and thereafter, was postponed and re-scheduled three more times. The Commonwealth did not file the Information until May 11, 2009, and the arraignment finally occurred on June 22, 2009.

On June 23, 2009, the trial court's arraignment office scheduled the pre-trial conference for July 31, 2009, which was one day after the Rule 600 run date. On June 25, 2009, David Andrew Obara, Es-

quire ("Obara"), of the Public Defender's office, entered his appearance for Sloan.

On July 30, 2009, the assistant district attorney ("ADA") and Obara appeared before the trial court. The ADA explained that he had called Obara the previous evening because he had noticed that July 30, 2009, was the 365th day after the filing of the Criminal Complaint against Sloan. N.T., 7/30/09, at 2–3. The ADA indicated that the Commonwealth was prepared to proceed to trial. *Id.* at 3. Obara stated that Sloan was not present due to the lack of adequate notice, and that he was not ready to proceed. *Id.* at 3–4. Obara indicated that he could not waive Rule 600 because he had not spoken to Sloan. *Id.* at 4. The trial court ruled that it would "extend the speedy trial calendar for an additional 30 days...." *Id.* at 5. On July 31, 2009, the trial court directed Sloan to appear for trial on August 27, 2009.

On August 27, 2009, Sloan appeared for trial. She also filed a Motion to dismiss pursuant to Rule 600, arguing that the Commonwealth had not filed the Information until May 18, 2009, eight months after the filing of the Complaint. N.T., 8/27/09, at 7. The trial court denied the Motion to dismiss, and the trial then ensued. *Id.* at 11.

In denying the Motion to dismiss, the trial court noted that the trial court's formal arraignment clerk had scheduled the pretrial conference for the 366th day after the filing of the criminal complaint, although the criminal information cover sheet had correctly listed July 30, 2009, as the 365th day. Trial Court Opinion, 7/13/10, at 6. The trial court noted that the Commonwealth was responsible for the delay between the first date set for the formal arraignment, November 12, 2008, and the filing of the information on May 18,

---

4. The Court also held that due diligence, rather than misconduct by the Commonwealth, "is the relevant criteria" for determining a violation of Rule 600. *Id.* at 703.

2009. *Id.* However, the trial court held that the Commonwealth "cannot be held responsible" for the court's arraignment office failing to take notice of the Rule 600 run date "and schedule the matter accordingly." *Id.* The trial court concluded that it was proper to deny the Motion to dismiss, and that, "[t]o do otherwise would have permitted [Sloan] to be 'insulated' from criminal prosecution for reasons not solely the fault of the Commonwealth." *Id.* at 8.

■ In *Bradford,* the Pennsylvania Supreme Court determined that "all of the delay in bringing the case to trial" had resulted from "the District Judge's failure to forward the documents to the Court of Common Pleas in compliance with Pa. R.Crim.P. 547(B)." *Bradford,* 46 A.3d at 702. In the present case, however, the delay was caused by the Commonwealth failing to file the Information until May 11, 2009. It is the Commonwealth's responsibility to file the information after the defendant has been held for court following a preliminary hearing. Pa.R.Crim.P. 560(A). In this case, that occurred on September 11, 2008, but the information was not filed until May 11, 2009. Significantly, the Rules of Criminal Procedure provide that the formal arraignment and pretrial conference cannot be held until after the filing of the information. *See* Pa.R.Crim.P., 570, 571.

Further, in *Bradford,* the Supreme Court, in determining that the Commonwealth had exercised due diligence, relied on the fact that Rule 547(6) of the Rules of Criminal Procedure had a specific, mandatory requirement for the district judge to timely transmit the papers to the Common Pleas Court. *Bradford,* 46 A.3d at 704–05. *See* Pa.R.Crim.P. 547(6). In contrast, Rule 570, relating to the pretrial confer-

ence, does not contain a similar time-limited, mandatory requirement. *See* Pa. R.Crim.P. 570(A).[5]

■ Unlike Rule 547, relied upon by the trial court in *Bradford,* Rule 570 contains no specific time limit within which the pretrial conference must be scheduled. Thus, we conclude that it was not reasonable for the Commonwealth in this case to rely upon the arraignment clerk to schedule the pretrial conference properly within the parameters of Rule 600.

■ We believe due diligence required the district attorney's office to monitor the Rule 600 time frame in this case, especially in light of the Commonwealth's own significant delay in filing the information. *See Commonwealth v. Ramos,* 936 A.2d 1097, 1102 (Pa.Super.2007) (holding that due diligence "includes, among other things, listing a case for trial prior to the run date, preparedness of trial within the run date, and keeping adequate records to ensure compliance with Rule 600"). Therefore, unlike *Bradford,* we conclude that the Commonwealth did not exercise due diligence in bringing this case to trial. Thus, the trial court abused its discretion in denying Sloan's Motion to dismiss pursuant to Rule 600.

Judgment of sentence vacated; case remanded to trial court to discharge Sloan in accordance with this Opinion; jurisdiction relinquished.

STRASSBURGER, J., files a Dissenting Opinion.

### DISSENTING OPINION BY STRASSBURGER, J.:

The Majority determines based upon the record before us that the Commonwealth

---

**5.** Rule 570 provides that the pretrial conference may be scheduled "[a]t any time after

the filing of an information...." Pa.R.Crim.P. 570(A).

failed to exercise due diligence in bringing Sloan's case to trial. Because the trial court did not provide the Commonwealth an adequate opportunity to develop the record, this Court should remand the case for a new hearing. Therefore, I respectfully dissent.

On July 30, 2009, the trial court, with no Rule 600 motion before it, decided to "extend the speedy trial calendar for an additional 30 days" because the Commonwealth represented that it was ready to try the case on that very day although no trial had been scheduled. N.T., 7/30/2009, at 5. The trial court stated that its ruling was subject to Sloan's later "raising the issue." *Id.* Presumably that is why the trial court did not at that time require the Commonwealth to make a complete record of its diligence in filing the criminal information or realizing that the pre-trial conference was scheduled to take place after the Rule 600 mechanical run date.

Sloan then did raise the issue by presenting a Rule 600 motion prior to trial. The trial court then inaccurately recalled that it had previously ruled on the motion and treated Sloan's motion as a motion for reconsideration. *See, e.g.,* N.T., 8/27/2009, at 3 ("Didn't the [c]ourt already rule on this matter?"); *id.* at 5 ("My recollection is the [c]ourt ruled since the Commonwealth was there and ready to proceed and that the Court could not proceed with the case at that moment, neither could defense counsel, Rule 600 was waived for that purpose."); *id.* at 6 ("Having already ruled on it are you asking me to reconsider that ruling?"). Based upon this mistake, the Commonwealth again did not have the chance to develop the record as to its diligence.

Because the burden is on the Commonwealth to establish that it exercised due diligence, *see, e.g., Commonwealth v. Bradford,* — Pa. —, 46 A.3d 693, 702

(2012), I would remand this case to the trial court for (1) a hearing on the Rule 600 motion at which the Commonwealth has the opportunity to establish what mechanisms it employed and steps it took in its efforts to have Sloan's trial scheduled before the mechanical run date, and whether any time is excusable or excludable; and (2) a subsequent trial court order and opinion addressing the evidence in light of the standard articulated by our Supreme Court in *Bradford.*

I also wish to emphasize that the trial court, both in the transcript and in its opinion, erred to the extent that it suggested that Sloan or her counsel had any responsibility to assist the Commonwealth in complying with Rule 600 by alerting it that the Rule 600 date was approaching. *See, e.g.,* N.T., 8/27/2009, at 11 (wherein the trial court addresses the following to Sloan's counsel: "if you had been assigned the case earlier, and the pretrial conference date had been listed, you couldn't necessarily sandbag the Commonwealth by not pointing that out. Speedy trial."); Trial Court Opinion, 7/13/2010, at 6 ("What is clear ... is that both of the parties and the Court system failed to perform the obligations placed upon them by law.") (emphasis added).

"It is clear that the burden of seeing that trial is commenced rests on the Commonwealth, not the defendant." *Commonwealth v. Lynn,* 815 A.2d 1053, 1059 (Pa.Super.2003) (quoting *Commonwealth v. McCutcheon,* 339 Pa.Super. 8, 488 A.2d 281, 284 (1985)) (emphasis added). A defendant has no incentive to sabotage the Commonwealth's efforts to comply with Rule 600, as any delay caused by the defendant is excluded from the calculation, but he or she also certainly has no obligation to assist the Commonwealth's compliance with Rule 600 by reminding it of an approaching run date. Therefore, the trial court

clearly erred to the extent that it placed any fault on the Public Defender's office for failing to alert the District Attorney's office of the upcoming mechanical run date.