J-A30002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LEON MILLS | |
| Appellee | No. 929 EDA 2014 |

Appeal from the Order February 28, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007377-2011
CP-51-CR-0007379-2011

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JANUARY 08, 2016**

The Commonwealth appeals from the February 28, 2014 order granting Appellee, Leon Mills', motion for dismissal for violation of his statutory speedy trial rights under Pennsylvania Rule of Criminal Procedure 600.  After careful review, we reverse and remand for further proceedings.

We summarize the procedural history of this case, based on our review of the certified record, as follows.  Appellee was charged in several criminal complaints filed on June 6, 2011 with numerous offenses in connection with a May 23, 2011 drive-by shooting on the 2100 block of East Orleans Street in Philadelphia.  On June 30, 2011, the Commonwealth filed two informations at dockets CP-51-CR-0007377 and CP-51-CR-0007379,

_____

[*] Former Justice specially assigned to the Superior Court.

respectively, charging Appellee with attempted murder and numerous related offenses.[1]  After a number of delays discussed in more detail *infra*, on January 24, 2014, Appellee filed a motion to dismiss for violation of Rule 600.  Following a hearing held on February 27 and 28, 2014, the trial court granted Appellee's motion and dismissed all charges against him on February 28, 2014.[2]  The Commonwealth filed a motion to reconsider on

[1] Specifically, the Commonwealth charged Appellee at CP-51-CR-0007377 with one count each of attempted murder in the first degree, conspiracy, possession of firearms prohibited, possession of a firearm without a license, possession of a firearm by a minor, possession of a firearm in Philadelphia, possession of an instrument of crime, and four counts each of aggravated assault, simple assault, and recklessly endangering another person.  18 Pa.C.S.A. §§ 901(a), 903, 6105(a)(1), 6106(a)(1), 6110.1(a), 6108, 907(a), 2702(a), 2701(a), and 2705, respectively.  At CP-51-CR-0007379, the Commonwealth charged Appellee with an additional count of each of the aforementioned charges.  Although no consolidation order appears in the record certified to this Court, the cases appear to have been considered together by the trial court.

[2] The trial court and the parties applied the new version of Rule 600, effective July 1, 2013.  In **Commonwealth v. Roles**, 116 A.3d 122, 125 n.4 (Pa. Super. 2015), we applied the former version of the Rule based on the date of the filing of the criminal complaint.  The new version of the Rule did not alter the substance of a defendant's speedy trial rights, however, and merely "clarif[ied] the provisions of the rule in view of the long line of cases that have construed the rule."  Pa.R.Crim.P. 600 cmt.  The chief practical distinction between the versions of the Rule is the manner of calculation. Under the former Rule, the periods excludable or excusable were calculated to extend the adjusted run date.  Under the new version of the Rule the periods of delay attributable to the Commonwealth are added to calculate whether the allowable delay period under the Rule has been exceeded.  The results are the same under either method.  Consequently, although the criminal complaints in this matter were filed prior to the effective date of the new Rule, we apply the new Rule.

March 7, 2014, which the trial court denied on March 11, 2014. The Commonwealth filed a timely notice of appeal on March 28, 2014.[3]

On appeal, the Commonwealth raises the following issue for our consideration.

> Did the lower court err in granting [Appellee's] Rule 600 motion where, accounting for all delays that were beyond the Commonwealth's control by the exercise of due diligence, the [trial] court dismissed the prosecution before the entire period to timely try the case had run?

Commonwealth's Brief at 3.

We adhere to the following standards in our review of this issue.

> This Court reviews a ruling under Rule 600 pursuant to an abuse-of-discretion standard. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. Additionally, when considering a Rule 600 claim, this Court must view the record facts in the light most favorable to the winner of the Rule 600 motion. It is, of course, an appellant's burden to persuade us the trial court erred and relief is due.

***Commonwealth v. Claffey***, 80 A.3d 780, 787 (Pa. Super. 2013) (citations omitted), *appeal denied*, 86 A.3d 231 (Pa. 2014).

> The proper scope of review … is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

---

[3] The Commonwealth and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters …, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Thompson*, 93 A.3d 478, 486-487 (Pa. Super. 2014)

(citations omitted).

Rule 600 provides in pertinent part as follows.

**Rule 600. Prompt Trial**

(A) Commencement of Trial; Time for Trial

…

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall

- 4 -

commence within 365 days from the date on which the complaint is filed.

…

(C) Computation of Time

(1) For purposes of paragraph (A), periods of **delay** at any stage of the proceedings **caused** by the Commonwealth **when** the Commonwealth **has failed to exercise due diligence** shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

…

(D) Remedies

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

…

Pa.R.Crim.P. 600 (emphasis added).

Instantly, the timing of the various procedural events delineating the progress of the instant case is not in dispute. *See* Commonwealth's Brief at 4-10; Appellee's Brief at 3-6; Trial Court Opinion, 2/3/15, at 5. Those periods and the trial court's attribution for the attendant delays consist of the following. From the date the complaint was filed on June 6, 2011, to the

- 5 -

date of the formal arraignment on July 18, 2011, is a period of 42 days. The parties agreed this time is includable as a delay attributable to the Commonwealth.[4]  From July 18, 2011 to September 27, 2011, through various status conferences, Appellee sought time to explore the possibility of pursuing a decertification hearing and to complete discovery, and the parties agreed that those 71 days are not attributable to the Commonwealth.  At the September 27, 2011 status conference, the trial court set a trial date for April 2, 2012, the earliest date available to the trial court.  At a status conference held on March 20, 2012, the Commonwealth sought a continuance because its assigned prosecutor was scheduled for vacation and the Commonwealth had not initiated certain DNA testing.  Trial Court Opinion, 2/3/15, at 4.  Due to the continuance request, the trial court ruled the 187 days from September 27, 2011 to April 2, 2012 were attributable to the Commonwealth and included in the calculation of delay under the Rule. It is to this aspect of the trial court's ruling that the Commonwealth assigns error.  The trial court set a new trial date for September 10, 2012.  The trial court ruled the 161 days from April 2, 2012 to September 10, 2012 were not

---

[4] The Commonwealth conceded this 42-day delay at the hearing before the trial court.  However, the Commonwealth now contends this period should not have been attributed to it.  This argument is waived for the purpose of appeal as it was not argued before the trial court.  *See* Commonwealth's Brief at 17-18 n.3; Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

excludable.[5]  Because the delays attributed to the Commonwealth for which

the trial court determined it demonstrated a lack of due diligence exceeded

365 days,[6] the trial court ruled the Commonwealth violated Appellee's Rule

600 speedy trial rights and granted Appellee's motion to dismiss the charges

against him.[7]

The Commonwealth, as noted, claims the trial court erred in

attributing to it the 187-day delay from September 27, 2011 to April 2,

2012.  Commonwealth's Brief at 14-15.

> "Only delays caused by the Commonwealth, where it
> also is not diligent, are included in the calculation of
> the Rule 600 run period.  Pa.R.Crim.P. 600(C)(1).
> 'Any other periods of delay shall be excluded.'  **Id.**
> … Because the 174-day[8] delay from the scheduling
> conference was due to the [trial] court's calendar,
> and not to the Commonwealth's doing or its lack of

---

[5] The Commonwealth notes that the trial court first identified August 27, 2012 as its earliest available date, but then changed it to September 10, 2012 due to defense counsel's unavailability.  Therefore, the Commonwealth argues the 14 days from August 27 to September 10, 2012 should not be attributable to it.  Commonwealth's Brief at 18.  In light of our disposition, we do not address this issue.

[6] To recap, those periods included 42 days from the date of the complaints to the first defense continuance, plus 187 days from the scheduling conference to the first scheduled trial date, plus 161 days from the first trial date to the second scheduled trial date, for a total of 390 days.

[7] We note there were subsequent delays, which the trial court attributed to its scheduling.  We do not address those delays here.

[8] The Commonwealth uses 174 days from September 27, 2011 to March 20, 2011, the date of its continuance motion, in its argument, but the trial court also included the 13 days from the date of the motion to April 2, 2011, yielding a total attribution of 187 days.

diligence, the [trial] court erred when it included it in the calculation of the Rule 600 run period."

Commonwealth's Brief at 14-15.

As noted by the text of the new Rule and our cases construing the former Rule, only delays occasioned by the Commonwealth for which there is no showing of good faith are included in calculating the Rule's 365 day requirement. **See Commonwealth v. Ramos**, 936 A.2d 1097, 1103-1104 (Pa. Super. 2007) (*en banc*), *appeal denied*, 948 A.2d 803 (Pa. 2008). Significantly, the Commonwealth must **both** cause the delay and fail to exercise due diligence. Pa.R.Crim.P. 600(C)(1).

Here, the trial court erred in its attribution of the period from September 27, 2011 to April 2, 2012 to the Commonwealth based **solely** on the Commonwealth's failure to exercise due diligence during that time. However, the Commonwealth's lack of preparedness was not the reason on September 27, 2011, that April 2, 2012, was chosen as the first trial date. That decision was based on the trial court's own schedule, as April 2, 2012 was the earliest available date. By contrast, as conceded by the Commonwealth, the 161 day delay from April 2, 2012, to September 10, 2012, was both caused by the Commonwealth's request for a continuance, **and** its failure to demonstrate due diligence.

The instant case is not akin to the circumstances reviewed by this Court in **Commonwealth v. Sloan**, 67 A.3d 1249 (Pa. Super. 2013) (holding that the Commonwealth failed to show due diligence when it

compounded its own seven-month delay in filing an information by relying on an arraignment clerk to schedule a scheduling conference to insure an initial trial date was set within the strictures of the Rule). Instantly, the parties all participated in the September 27, 2011 scheduling conference, and the April 2, 2012 trial date was chosen as the first available date consistent with the trial court's own schedule. This delay was not **caused** by the Commonwealth, so it is not attributable to it in calculating delay for the purpose of Rule 600 even though it may have used that time unproductively.

Accordingly, we conclude the trial court abused its discretion and committed an error of law in attributing the 187-day delay from September 27, 2011, to April 2, 2012, to the Commonwealth. Because, absent the addition of that period in the total calculation under the Rule, the Rule's 365-day limit had not been reached, we further conclude the trial court erred in dismissing the charges against Appellee. *See Thompson*, *supra*. We therefore reverse the trial court's February 28, 2014 order and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/8/2016</u>