J-S52008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| NEIL EUGENE SHUE, | : | |
| | : | |
| Appellant | : | No. 448 MDA 2017 |

Appeal from the Judgment of Sentence January 30, 2017
in the Court of Common Pleas of York County,
Criminal Division, No(s):  CP-67-CR-0008298-2015

BEFORE:  GANTMAN, P.J., LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 23, 2017**

Neil Eugene Shue ("Shue") appeals from the judgment of sentence entered following his conviction of driving under the influence of alcohol or controlled substance (general impairment) ("DUI").[1]  We affirm.

On October 24, 2015, Shue was arrested and charged with DUI. Following a bench trial on stipulated facts, the trial court found Shue guilty of DUI, and sentenced him to six months of intermediate punishment, "to include 5 days of house arrest and 15 days of alcohol monitoring."  N.T., 1/30/17, at 3.  Shue filed a post-sentence Motion, requesting that his sentence be stayed pending appeal, and that bail be set.  The trial court granted Shue's Motion.  Thereafter, Shue filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

---

[1] **See** 75 Pa.C.S.A. § 3802(a)(1).

Shue now presents the following claim for our review:

Whether the trial court erred in denying [] Shue's Motion to Dismiss Pursuant to Pa.R.Crim.P. 600 where, over a period of 464 days—only six of which are excludable—the Commonwealth made only two half-hearted attempts to bring Shue to trial: 1) listing the case for trial but canceling it to make way for a jury trial that ended up being a guilty plea; and 2) emailing the trial court's chambers four days before the Rule 600 term elapsed to request a trial date[?]

Brief for Appellant at 4.

Shue claims that the trial court improperly denied his Rule 600 Motion to Dismiss, where the Commonwealth "showed only two half-hearted efforts to try this case in more than a year's time," and had failed to carry its burden in establishing due diligence. *Id.* at 19. Regarding the Commonwealth's efforts to bring Shue to trial, Shue claims that on July 27, 2016, he was in court and ready to proceed. *Id.* at 20. At that time, the clerk of the Honorable Christy H. Fawcett ("Judge Fawcett") explained that she and Judge Fawcett were never notified that the trial would proceed on that date. *Id.* Only two matters were on Judge Fawcett's schedule for that date: a bench warrant, and a jury trial in "the Servas case[.]" *Id.* at 21. Shue claims that the Commonwealth should have been aware that the Servas case would not go to trial. *Id.* According to Shue, Servas's counsel previously had informed the Commonwealth that his client would plead guilty in exchange for no jail time. *Id.* The prosecutor should have known that there would be no trial, as the Commonwealth intended to make such an offer to Servas. *Id.* In fact, once the offer was extended, no trial took

place. *Id.* Shue also directs our attention to the fact that the Commonwealth rejected two proposed rescheduled trial dates, based upon its preference for a different judge. *Id.* at 22. Under these circumstances, Shue argues, the Commonwealth did not exercise due diligence. *Id.*

Regarding the second delay, Shue states that the Commonwealth requested a trial date on October 24, 2016. *Id.* at 23. However, when informed that trial could not be scheduled until January 2017, the Commonwealth failed to inform the trial court that the proposed date would be beyond the time allowed under Rule 600. *Id.* Shue argues that "it can hardly be seen as due diligence to wait until four days before the Rule 600 term elapses to request a trial date, and then do nothing when told the next available date is in three months." *Id.* According to Shue, "with the slightest exertion, the Commonwealth could have had the case tried in a timely fashion." *Id.* at 24. Shue also disputes the Commonwealth's explanation that the United States Supreme Court's decision in *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016),[2]

---

[2] In *Birchfield*, the United States Supreme Court held that "a breath test, but not a blood test, may be administered as a search incident to a lawful arrest for drunk driving." *Birchfield,* 136 S. Ct. at 2185, 195 L. Ed. 2d at 588. The Commonwealth asserts that the *Birchfield* decision "resulted in a surplus of motions being filed to withdraw guilt[y] pleas previously entered[,] and the filing of new motions to suppress, all requiring consideration and court time from the bench." Commonwealth's Brief at 8 n.2.

which changed the proceeding from a jury trial to a bench trial, caused a delay. Brief for Appellant at 25.

In its Opinion, the trial court set forth the relevant history underlying this appeal and the applicable law, and concluded that Shue's claim lacks merit. *See* Trial Court Opinion, 4/26/17, at 5-11; *see also id.* at 1-5 (detailing the relevant history underlying the appeal). We agree with the reasoning of the trial court, as set forth in its Opinion, and affirm on this basis with regard to Shue's claim.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2017

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH
OF PENNSYLVANIA      :      NO. CP-67-CR-8298-2015

     :

V.      :

     :

NEIL EUGENE SHUE      :
Defendant      :

## STATEMENT OF LOWER COURT PURSUANT TO
## PA.R.A.P. 1925(a)

AND NOW, this 25th day of April, 2017, upon receipt of notice that an appeal has been filed in this matter, and in consideration of the Concise Statement of Errors Complained Of on Appeal filed by Brian McNeil, Esquire, on behalf of Neil Eugene Shue ("Defendant"), the undersigned files this supplemental statement in support of its Order of January 27, 2017, denying Defendant's Rule 600 Motion.

**Factual and Procedural History:**

Defendant was arrested and charged on October 24, 2015, with Driving

1

Under the Influence of Alcohol or Controlled Substance (DUI). [1] Magisterial District Judge (MDJ) Walter Groom scheduled Defendant's preliminary hearing for November 18, 2015. The preliminary hearing was rescheduled by MDJ Groom to December 14, 2015, as a result of a request by the defense. (Tr. of 1/26/17, p.4.) The MDJ further rescheduled the matter to December 18, 2015. Defendant filed a waiver of arraignment on February 2, 2016.

A pre-trial conference was held on April 14, 2016, at which time counsel indicated to the Court that the matter would be ready for trial during the May term of criminal trials which ran from May 9, 2016, through May 27, 2016. A jury trial was requested. The case was not placed on the trial list in May.

During this time period the York County Court was short-handed as a result of two retirements and one judge on active duty in Afghanistan. On July 5, 2016, two newly appointed judges were sworn onto the York County Court; of the two, one was assigned to the criminal division. In an attempt to reduce the caseload in the criminal division of the court, a number of jury and

---

[1] Defendant's second count of DUI was dismissed pursuant to the decision in *Birchfield v. North Dakota,* 136 S.Ct. 2160, 195 L.Ed.2[d] 560, 84 USLW 4493 (2016).

2

non-jury trials were assigned by court administration to the Honorable Christy Fawcett. Defendant's case was assigned to Judge Fawcett and scheduled to be heard on July 27, 2016, at 1:30 p.m., however this information may not have been communicated to Judge Fawcett or the clerk of court's office. (Tr. of 1/27/17, pp. 8, 17, 19; Commonwealth Exhibit No. 1.) On the same date, a jury trial was scheduled before Judge Fawcett for 9:30 a.m. (Tr. of 1/27/17, pp. 10, 16.) Learning of the double scheduling, the district attorney's office cancelled their witnesses for the non-jury trial. There was miscommunication between the various offices, and in fact, the jury trial scheduled for the morning resulted in a plea, however the Commonwealth did not learn of this event until after witnesses were excused. Attempts were made to reschedule Defendant's trial in early August 2016, however the affiant was not available. Ultimately, the case was returned to the undersigned's trial list.

Defendant's case was not called to trial during the September 2016 criminal trial term, which ran from September 6, 2016, through September 23, 2016. The case was listed in the November criminal trial term that ran from October 31, 2016, through November 18, 2016. However, on October 24,

3

2016, the assistant district attorney notified the court's assistant by email message that as a result of the *Birchfield* decision, the case was no longer being called as a jury trial but needed to be scheduled as a non-jury trial. (See Defendant's Exhibit No. 5.) There was no indication to the Court that Rule 600 was an issue.

This Court's practice in 2016 was to give priority during trial weeks to jury trials to best utilize jurors who had been called in to sit for trials. Based upon the Court's schedule the dates of January 26 and 27, 2017, were provided to counsel. Both counsel acknowledged the dates and the assistant district attorney indicated that he would verify the date with the affiant. The next communication this Court received on December 6, 2016, was an inquiry from the assistant district attorney as to the scheduling order. Since no confirmation of the affiant's availability had been received, the scheduling order had not yet been filed. On December 7, 2016, this Court issued a scheduling order, filed December 8, 2016, scheduling the non-jury trial for January 26, 2017.

On January 25, 2017, at 3:33 p.m., Defendant filed a Motion to Dismiss

4

pursuant to Rule 600. The motion was heard by the Court on January 26, 2017, at the time originally scheduled for the bench trial. The motion was denied by the Court. A stipulated bench trial was held on January 30, 2017, after which Defendant was found guilty of DUI – general impairment and sentencing took place the same date. Post-sentence motion was filed by Defendant on January 31, 2017, requesting that Defendant's sentencing be stayed pending appeal and bail be set. A hearing was held on February 16, 2017, at which time the post-sentence motion was granted.

On March 10, 2017, Defendant filed a Notice of Appeal. Defendant's Statement of Errors Complained Of was filed on March 30, 2017. Defendant asserts that this Court erred in finding that the Commonwealth exercised due diligence in bringing his case to trial.

**Discussion:**

Defendant's right to a speedy trial is codified in Pennsylvania Rule of Criminal Procedure 600 (hereinafter "Rule 600"). The Rule sets out, in relevant part:

(A) Commencement of Trial; Time for Trial

5

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

(2) Trial shall commence within the following time periods.

> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\*\*\*

(C) Computation of Time

> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa. R. Crim. P. 600.

"Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Sloan*, 2013 Pa. Super. 132, 67 A.3d 1249, 1252 (Pa. Super. Ct. 2013) (quoting *Commonwealth v. Bradford*, 616 Pa. 122, 136, 46 A.3d 693, 701-02 (2012))

6

(internal quotes omitted).

The triggering event that commences Rule 600 is the filing of a criminal complaint. Here the complaint was filed on October 24, 2015. The mechanical run date for the commencement of trial under Rule 600 was October 23, 2016.

In Defendant's case, some delay occurred at various stages. According to section (C)(1) of Rule 600, only periods of delay "caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation."

At time of hearing, Defendant acknowledged only one period of delay: the preliminary hearing was rescheduled by MDJ Groom from November 18, 2015 to December 14, 2015, as a result of a request by the defense. (Tr. of 1/26/17, p.4.)[2] This request resulted in a delay of 26 days. The adjusted run date would be November 16, 2016.

---

[2] Defendant's 1925(b) Statement is somewhat confusing as it indicates 51 days of delay "at defense request". Adjusted run date would then be December 11, 2016.

7

Second, the continuance of Defendant's preliminary hearing on December 14, 2015, to December 18, 2015 caused a delay of four additional days. The only evidence presented regarding the reason of this continuance indicates that the delay was requested by the magisterial district judge. "Delay by a district justice constitutes 'judicial delay,' and is not *excludable time* for purposes of calculating the Rule 600 run date." *Commonwealth v. Lynn*, 2003 PA Super 11, ¶ 10, 815 A.2d 1053, 1057 (Pa. Super. Ct. 2003) (emphasis added). However, "judicial delay can support the grant of an extension of the Rule 600 run date" provided the Commonwealth shows it acted with due diligence in bringing the case to trial. *Commonwealth v. Trippett*, 2007 PA Super 260, ¶ 18, 932 A.2d 188, 197 (Pa. Super. Ct. 2007). "If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded." Comment to Pa. R. Crim. P. 600; accord, *Commonwealth v. Bradford*, 616 Pa. 122, 46 A.3d 693 (2012). This Court finds that the Commonwealth did not fail to act with due diligence with respect to this delay.

Moving to the issue raised by Defendant regarding the scheduling of his

8

case for trial in July 2016 before Judge Fawcett, Defendant asserts that the Commonwealth did not exercise due diligence in calling the case to trial on the afternoon of July 27, 2016. Quite frankly, for the period just prior to the July 2016 trial term, the perfect storm existed in York County. The Court in its entirety was short three judges, the criminal bench was short a judge who was serving active duty in Afghanistan, *Birchfield* was issued in late June 2016[3], and new judges were sworn in on July 5, 2016. Attempts were made to utilize the services of newly appointed Judge Fawcett in the most efficient way possible by pulling cases from four different judges on the criminal bench and reassigning them to her. Unfortunately, communication among the clerk of court's office, district attorney's office, court administration, defense counsel and the judges' chambers was not the best. Vicky Polychronis testified that although Defendant and defense counsel appeared on July 27, 2016, at 1:30 p.m. for a bench trial, the Court was not aware the matter had been scheduled. (Tr. of 1/27/17, pp. 8, 17, 19.) There is no evidence that the miscommunication was caused or in any way attributable to the district

---

[3] The issuance of the *Birchfield* decision alone resulted in a plethora of motions being filed to withdraw guilty pleas previously entered and the filing of new motions to suppress, all requiring consideration and court time from the bench.

9

attorney's office.

Finally, Defendant asserts that the Commonwealth failed to exercise due diligence in getting the bench trial rescheduled. The request to the Court by email dated October 24, 2016, was within the adjusted run date. The Commonwealth cannot be faulted for the Court's full calendar or its decision to reserve trial weeks for jury trials.[4] In current calendaring of bench trials, they are immediately scheduled by this Court at time of pre-trial conference. However, in Defendant's case, at his pre-trial conference on April 14, 2016, the matter was listed as a jury trial. Not until October 24, 2016, was this Court made aware that the matter was to be scheduled as a bench trial. So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. *Commonwealth v. Brown*, 875 A.2d 1128, 1133–34 (Pa. Super. 2005). No evidence was presented that the Commonwealth attempted to evade or delay Defendant's right to a speedy trial.

---

[4] A matter that has since been revisited by this Court.

10

Based upon this Court's findings, Defendant's right to a speedy trial pursuant to Rule 600 has not been violated, and therefore his request for dismissal was properly denied and his appeal should be dismissed.

BY THE COURT,

_Maria Musti Cook_
**MARIA MUSTI COOK, JUDGE**

2017 APR 26 AM 11: 27
DON O'SHELL
CLERK OF COURTS
YORK COUNTY
JUDICIAL CENTER

11