J-S65021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSEPH JACKSON | |
| Appellant | No. 596 MDA 2018 |

Appeal from the Judgment of Sentence March 26, 2018
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0004876-2016

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.: **FILED JANUARY 09, 2019**

Appellant, Joseph Jackson, appeals from the judgment of sentence imposed on March 26, 2018 in the Court of Common Pleas of York County. Appellant contends the trial court erred in calculating excludable time under Pa.R.Crim.P. 600(C)[1] and, therefore, erred in denying his motion to dismiss

---

[1] Rule 600(A) requires that a defendant be brought to trial within 365 days from the date on which the complaint is filed. Rule 600(C) provides, in relevant part,

> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(A)(2)(a) and (C)(1).

charges of possession with intent to deliver, 35 P.S. § 780-113. Upon review, we affirm.

Appellant's trial was scheduled for January 9, 2018. Prior to jury selection, Appellant's counsel filed a Rule 600 motion to dismiss. Testimony was taken from the affiant, Officer Michelle Miller, a York Police Officer who also works for the York County Drug Task Force. Officer Miller explained that Appellant was arrested on January 6, 2016 but charges were not immediately filed because Appellant initially agreed to cooperate with the Drug Task Force. Notes of Testimony ("N.T."), 1/9/18, at 10-11. Charges were filed on March 17, 2016 but Appellant was not located and apprehended until July 7, 2016. *Id.* at 11-14. While other delays in bringing Appellant to trial were attributable to Appellant and are not challenged on appeal, Appellant is challenging the exclusion of the period from March 17, 2016 until July 7, 2016 (112 days). If that 112-day period were included in the Rule 600 calculations, Appellant would be entitled to have the charges dismissed.

After hearing Officer Miller's testimony and argument of counsel, the trial court determined the Commonwealth acted with due diligence in attempting to locate Appellant and bring him to trial. Therefore, the court denied Appellant's motion to dismiss. The case proceeded to trial and the jury returned a guilty verdict. On March 26, 2018, the trial court sentenced Appellant to a term of three to six years in a state correctional institution,

consecutive to a sentence imposed in a separate case. This timely appeal

followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our consideration:

I.      Whether the honorable court erred in denying Appellant's
        motion to dismiss pursuant to Rule 600 of the Pennsylvania
        Rules of Criminal Procedure.

Appellant's Brief at 4.

In **Commonwealth v. Bradford**, 46 A.3d 693 (Pa. 2012), our Supreme

Court explained:

> When reviewing a trial court's decision in a Rule 600 case, an
> appellate court will reverse only if the trial court abused its
> discretion. **See Commonwealth v. Selenski**, 606 Pa. 51, 994
> A.2d 1083, 1087 (2010). "An abuse of discretion is not merely an
> error of judgment, but if in reaching a conclusion the law is
> overridden or misapplied, or the judgment exercised is manifestly
> unreasonable, or the result of partiality, prejudice, bias or ill-will
> . . . discretion is abused." **Id.** (internal citation omitted). Our
> scope of review is limited to the record evidence from the Rule
> 600 hearing and the findings of the lower court, viewed in the light
> most favorable to the prevailing party. **See id.**

**Id.** at 700. Further, "[d]ue diligence is fact-specific, to be determined case-

by-case; it does not require perfect vigilance and punctilious care, but merely

a showing the Commonwealth has put forth a reasonable effort."

**Commonwealth v. Sloan**, 67 A.3d 1249, 1252 (Pa. Super. 2013) (quoting

**Bradford**, 46 A.3d at 701-02).

In its order denying Appellant's motion to dismiss, the trial court made

the following observations:

> We have taken th[e] testimony this afternoon from Officer Miller
> who indicated [Appellant] was initially arrested on the date of the

- 3 -

incident, January 6, 2016, that charges were not immediately filed because [Appellant] was going to cooperate with the Drug Task Force. When that did not occur, charges were filed on March 17, 2016.

A warrant for his arrest was filed on the same date. He was entered into the NCIC database system and additionally [O]fficer Miller indicated that she tried to contact [Appellant] via the cell phone number that he had provided, that there were two to three attempts to contact him via that cell phone number and that she further went to his last known address on Madison Avenue to no avail. She was not aware of any employment [Appellant] was engaged in nor of any local relatives to contact him. She [] was notified at the time [Appellant] was apprehended on July 7th, 2016.

N.T., 1/9/18, at 24-25. In its Rule 1925(a) opinion, the trial court recounted Officer Miller's testimony as well as the trial court's conclusion that the efforts made by the police were reasonable under the circumstances, warranting exclusion of the 112 days. Trial Court Rule 1925(a) Opinion, 6/14/18, at 6. The court explained it "cannot make a finding that the Commonwealth failed to exercise due diligence or make reasonable efforts to bring the case to trial so as to justify the dismissal of charges." *Id.*

Appellant argues that "the authorities did not exercise due diligence in trying to locate the Appellant once the complaint was filed and the warrant issued." Appellant's Brief at 10. In support of that contention, Appellant cites the testimony elicited in the course of cross-examining Officer Miller. Specifically, Appellant notes that Officer Miller "did not investigate places of employment," "did not search for relatives," "did not question his landlord," "did not contact the [confidential informant] or anyone else who may have

- 4 -

known of his whereabouts," and "did not check any PennDOT records." *Id.* (quoting N.T., 1/9/18, at 14-17).

Countering Appellant's argument, the Commonwealth cites *Commonwealth v. Hinton*, 409 A.2d 54 (Pa. Super. 1979), in which this Court determined:

> [T]he test is *not* a venture into hindsight reasoning as to whether, if certain individuals had been contacted, or other things done, an arrest would probably have been made. The matter of availability and due diligence must be judged by what was done by the authorities rather than [by] what was not done. The standard of due diligence demands only reasonable efforts.

*Id.* at 57-58 (emphasis in original). The Commonwealth contends Appellant gives mere lip service to the due diligence standard, focusing on what Officer Miller "did not do, rather than arguing that what she did do was in some way insufficient." Commonwealth's Brief, at 10. As the Commonwealth recognizes, Officer Miller obtained a warrant for Appellant's arrest when the charges were filed. She entered the warrant in the NCIC database so that authorities would be notified of an outstanding warrant for Appellant's arrest in the event he were to have future police contact in Pennsylvania or surrounding states. She authorized extradition. She attempted to locate Appellant at his residence and attempted to reach him on two or three occasions using his last known cell phone number. Commonwealth Brief at 10. *See also* N.T., 1/9/18, at 12-14. She did not contact an employer because Appellant indicated he was not employed. She did not contact relatives because she was not aware of any. *Id.* at 14.

As our Supreme Court has explained:

> It is not the function of our courts to second-guess the methods used by police to locate accused persons. The analysis to be employed is whether, considering the information available to the police, they have acted with diligence in attempting to locate the accused. Deference must be afforded the police officer's judgment as to which avenues of approach will be fruitful.

**Commonwealth v. Mitchell**, 372 A.2d 826, 832 (Pa. 1977). "[T]he efforts need only be reasonable; lack of due diligence should not be found simply because other options were available or, in hindsight, would have been more productive." **Commonwealth v. Ingram**, 591 A.2d 734, 737 (Pa. Super. 1991), *appeal denied*, 606 A.2d 901 (Pa. 1992).

Here, after considering the efforts undertaken by Officer Miller, the trial court concluded the court "cannot make a finding that the Commonwealth failed to exercise due diligence or make reasonable efforts to bring the case to trial so as to justify the dismissal of charges." Trial Court Rule 1925(a) Opinion, 6/14/18, at 6. Viewing the evidence of record from the Rule 600 hearing and the findings of the trial court in the light most favorable to the Commonwealth as the prevailing party, we find no abuse of discretion in the trial court's ruling.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2019