J-S19023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL JAMES ROBINSON | : | No. 1575 MDA 2022 |

Appeal from the Order Entered October 11, 2022
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0001672-2019

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: SEPTEMBER 20, 2023**

The Commonwealth appeals from the order dismissing with prejudice the charges filed against Michael James Robinson, pursuant to Rule 600 of the Rules of Criminal Procedure, the prompt trial rule. ***See generally*** Pa.R.Crim.P. 600. The Commonwealth argues the trial court erred in finding it did not exercise due diligence in bringing Robinson to trial within the required time. We affirm.

The Commonwealth filed a criminal complaint against Robinson on August 27, 2019, charging him with two counts of disorderly conduct.[1] A preliminary hearing was scheduled for September 17, 2019. Robinson requested a continuance of the preliminary hearing to obtain legal representation. The preliminary hearing was rescheduled to October 15, 2019.

---

[1] ***See*** 18 Pa.C.S.A. § 5503(a)(1), (4).

Robinson's counsel thereafter requested a second continuance of the preliminary hearing, which was granted, and it was rescheduled to October 22, 2019. The Commonwealth then asked for a continuance of the preliminary hearing, and it was again rescheduled to November 12, 2019. On November 12, 2019, Robinson waived his right to a preliminary hearing.

The court scheduled a status conference to take place on January 13, 2020. However, the status conference was continued by the court and was rescheduled to January 22, 2020. On January 21, 2020, Robinson requested a continuance of the status conference, which was granted, and it was rescheduled to March 24, 2020.

On March 18, 2020, Northumberland County issued a judicial emergency declaration in response to the Covid-19 pandemic, which expressly suspended the operation of Rule of Criminal Procedure 600 during the period of the judicial emergency. **See** Northumberland County Order, AD-20-4, P.J. Saylor, 3/18/20, at ¶ 3. This order was lifted effective March 15, 2021. **See** Northumberland County Order, AD-20-9, P.J. Saylor, 2/26/21, at ¶ 4. Jury trials in Northumberland County resumed on March 15, 2021. **See id.** at ¶ 5.

On August 12, 2020, while the emergency order was still in effect, the Commonwealth filed a certificate of readiness stating that it was "ready to proceed to trial in the next available term of court." **See** Certificate of Readiness, filed 8/12/20. That same day, the court issued an order scheduling jury selection on December 3, 2020 and trial on December 4, 2020. **See**

Order, filed 8/12/20. The docket reflects that on October 15, 2020, jury selection was canceled by court administration.

On May 20, 2021, a pre-trial conference was held, wherein the court granted Robinson's counsel's oral motion to withdraw as counsel. The court appointed new counsel, who later also moved to withdraw as counsel. The court granted the motion on July 6, 2021, and appointed Attorney Richard Feudale on September 8, 2021. On November 1, 2021, Attorney Feudale filed a petition to withdraw as counsel, but later filed a praecipe to withdraw his petition to withdraw on January 18, 2022.

On March 10, 2022, Attorney Feudale filed a motion to schedule trial. By order dated March 16, 2022, the court scheduled trial for jury selection on October 17, 2022, and trial on October 18, 2022. On September 14, 2022, the court filed an "amended criminal trial order" scheduling jury selection on October 17, 2022 and trial on October 18, 19, 20, and 21, 2022.

On October 5, 2022, Attorney Feudale filed a motion to dismiss pursuant to Rule 600. After a hearing on the motion on October 11, 2022, the court granted the motion to dismiss and dismissed the charges against Robinson with prejudice. This appeal followed.

The Commonwealth raises the following issues:

1.   Did the court misapply the law by erring in the calculation of dates and the conclusions drawn therefrom in the analysis of time for the purpose of applying Pa.R.Crim.P. 600?

2.   Did the court misapply the law by erring in finding, or failing to consider whether, the Commonwealth caused delay of

365 days or more while failing to exercise due diligence [pursuant to] Pa.R.Crim.P. 600(C)(1)?

Commonwealth's Br. at 5.

We review a trial court's decision on a Rule 600 motion for abuse of discretion. *See Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa.Super. 2004) (*en banc*). Our scope of review is limited to the trial court's findings and the evidence of record from the Rule 600 evidentiary proceeding, which we view in the light most favorable to the prevailing party. *Commonwealth v. Bethea*, 185 A.3d 364, 370 (Pa.Super. 2018).

We address the Commonwealth's issues together as they are related. The Commonwealth argues that the trial court abused its discretion in granting Robinson's motion to dismiss because the court did not make a finding that the Commonwealth caused 365 days of delay, as Rule 600 requires in order to grant a dismissal. Commonwealth's Br. at 8. The Commonwealth contends that the court improperly excluded periods of delay Robinson caused and attributed judicial delay to the Commonwealth without consideration of due diligence. *Id.* at 8-9, 14. The Commonwealth maintains that it attempted to bring the case to trial in August 2020 when it filed a certificate of readiness. *Id.* at 7. It argues that "[t]ime during which the case had been scheduled for pretrial conferences and jury selections, yet during which trial did not happen and no continuance was requested by the Commonwealth, is not time that should be attributed as delay caused by the Commonwealth." *Id.* at 13-14.

Rule 600 provides that a trial "shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). If trial does not begin before that deadline, taking into account periods of delay in which the Commonwealth exercised due diligence in bringing the defendant to trial, as well as delay the defendant caused, the defendant may move to dismiss the charges. Pa.R.Crim.P. 600(D)(1).

When deciding a Rule 600 motion, we employ the following analysis. First, the court must determine the "mechanical run date," which is 365 days from the date of the filing of the complaint. **Bethea**, 185 A.3d at 371. Second, the court must determine whether any periods of delay are "excludable." **Id.** at 371. Excludable time for this purpose includes several possible periods of time, including the time between the filing of the written complaint and the defendant's arrest, if the defendant could not be apprehended because the defendant's whereabouts were unknown and could not be determined by due diligence; any time for which the defendant expressly waives Rule 600; delay resulting from the unavailability of the defendant or the defendant's attorney; and any continuance granted at the request of the defendant or the defendant's attorney. **Hunt**, 858 A.2d at 1241. We "add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date." **Bethea**, 185 A.3d at 371 (citation and emphasis omitted).

If the trial did not occur before the adjusted run date, we then must decide whether the additional delay was excusable. Under Rule 600, "periods of delay at any stage of the proceedings caused by the Commonwealth when

the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence," while "[a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). Excusable delay for purposes of Rule 600 is any delay that was outside the control of the Commonwealth and not the result of the Commonwealth's lack of exercise of due diligence. *Hunt*, 858 A.2d at 1241. If the Commonwealth does not bring the defendant to trial within the time required under Rule 600(A)(2)(a), the trial court must dismiss the charges. *Bethea*, 185 A.3d at 371.

The Commonwealth must demonstrate by a preponderance of the evidence that it exercised due diligence. *Commonwealth v. Bradford*, 46 A.3d 693, 701 (Pa. 2012). Due diligence "is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Id.* at 701-02 (citation omitted). Due diligence in the Rule 600 context requires the Commonwealth, among other things, to seek to list a case for trial before the Rule 600 deadline. *See Commonwealth v. Ramos*, 936 A.2d 1097, 1102 (Pa.Super. 2007) (*en banc*).

Where compliance with Rule 600 is a potential issue, the Commonwealth must be proactive and "do everything reasonable within [its] power to see that the case is tried on time." *Commonwealth v. Aaron*, 804 A.2d 39, 44 (Pa.Super. 2002) (*en banc*) (citation omitted). Dismissal is appropriate where the Commonwealth fails to monitor the Rule 600 deadline adequately, and

passively relies upon the court to schedule trial before the deadline. ***Commonwealth v. Sloan***, 67 A.3d 1249, 1254 (Pa.Super. 2013).

Here, Robinson's criminal complaint was filed on August 27, 2019. Thus, his mechanical run date — 365 days from the date of the filing of the complaint — was August 27, 2020. The following periods of delay were excludable:

- The 35 days between September 17, 2019 through October 22, 2019 were excludable due to Robinson's request for a continuance of the preliminary hearing.

- The nine days between January 13, 2020 and January 22, 2020 were also excludable due to the court rescheduling the status conference.

- The 63 days between January 21, 2020 and March 24, 2020 were excludable due to Robinson's request for a continuance of the status conference.

- The 362 days from March 18, 2020 to March 15, 2021 were excludable due to the Covid-19 pandemic pursuant to Northumberland County's emergency declaration.[2]

Adding the excludable time to the mechanical run date results in an adjusted run date of December 9, 2021. However, after that date, the

---

[2] ***See*** Northumberland County Order, AD-20-4, P.J. Saylor, 3/18/20, at ¶ 3; Northumberland County Order, AD-20-9, P.J. Saylor, 2/26/21, at ¶ 4; ***see also Commonwealth v. Carl***, 276 A.3d 743, 750 (Pa.Super. 2022) (stating delays caused by a Covid-19 judicial emergency closure order are excluded from Rule 600 calculations until the expiration of the declared emergency).

Commonwealth did nothing to bring the case to trial. The court only calendared a trial when Robinson moved to schedule trial. The delay after the lifting of Covid-19 restrictions is not excusable time as there is no indication in the record that the trial court's calendar was congested such that the matter could not be tried after March 2021 or that there were other scheduling problems outside the Commonwealth's control. Its filing of a certificate of readiness in August 2020, while the restrictions were in force, was not enough to show due diligence in attempting to bring the case to trial after the restrictions ended, seven months later in March 2021. Once the restrictions were lifted, the Commonwealth made no attempt to alert the trial court to any Rule 600 concerns or secure a trial date within the required time. It instead passively relied on the court to schedule the trial, rather than take action to bring this case to trial. We cannot say that the trial court abused its discretion in finding the Commonwealth failed to carry its burden of showing due diligence. **See Sloan**, 67 A.3d at 1254.

Order affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge Sullivan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2023