J-A06004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| FRANCIS GERARD LAURENZI | : | |
| Appellant | : | No. 2232 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 8, 2024
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000343-2023

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                **FILED MARCH 25, 2025**

Francis Gerard Laurenzi appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas on August 8, 2024. On appeal, Laurenzi challenges the trial court's denial of his pretrial motion to dismiss the charges against him pursuant to Pennsylvania Rule of Criminal Procedure 600 ("Rule 600"). After careful review, we affirm.

As this case involves application of Rule 600, we need not recite the facts underlying the crimes charged. For purposes of this appeal, we note that on November 16, 2022, a criminal complaint was filed charging Laurenzi with 23 counts of invasion of privacy, and 9 counts of possessing an instrument of crime ("PIC").

_____

[*] Former Justice specially assigned to the Superior Court.

On January 18, 2023, on the date set for a preliminary hearing, the Commonwealth withdrew 8 counts of invasion of privacy and 4 counts of PIC in exchange for Laurenzi's waiver of the remaining counts for trial. Discovery was marked as complete on September 25, 2023. On September 29, 2023, the Commonwealth filed the bills of information. A pretrial conference was not scheduled until January 26, 2024.

On January 25, 2024, Laurenzi filed a Rule 600 motion, alleging he was entitled to dismissal of charges because the Commonwealth failed to bring the matter to trial within 365 days of filing the criminal complaint. At the defense's request, the pretrial conference scheduled for the next day was continued in order to provide an opportunity to review the Rule 600 motion.

On March 1, 2024, the trial court held a Rule 600 hearing. At the hearing, the parties stipulated that Laurenzi was charged on November 16, 2022. While there was some dispute over the run date, the Commonwealth stipulated that the original run date would have been November 16, 2023, and that the adjusted run date, as a result of delays caused by a district court continuance and a defense request for continuance, was December 28, 2023. Following argument, the court took the matter under advisement and directed the parties to submit memorandums of law.

On March 14, 2024, the trial court entered its findings of fact and conclusions of law and denied the Rule 600 motion to dismiss. On the same day, the court entered an order scheduling trial.

On May 16, 2024, following a three-day trial, a jury convicted Laurenzi of 7 counts of invasion of privacy and 5 counts of PIC. On August 8, 2024, the trial court sentenced Laurenzi to an aggregate term of 26 and 1/2 to 53 years' incarceration, followed by 3 years' probation. Laurenzi did not file any post-sentence motions. This timely appeal followed.

On appeal, Laurenzi raises the single issue of whether trial court abused its discretion in denying his pretrial motion for dismissal pursuant to Rule 600. Appellant's Brief, at 6.

Our standard of review of a trial court's denial of a Rule 600 motion is as follows:

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

> The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating

it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters ... courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Faison*, 297 A.3d 810, 821 (Pa. Super. 2023) (citation, brackets, and emphasis omitted).

Here, the trial court made the following findings of fact in support of its Rule 600 ruling:

I. FINDINGS OF FACT

1. The undersigned presided over a hearing on March 1, 2024 on Francis Gerard Laurenzi's[] motion for dismissal pursuant to Pa.R.Crim.P. 600.

2. On November 16, 2022, Detective Anderson of the Norristown Borough Police Department filed a criminal complaint against [Laurenzi] charging him with violations of the Crimes Code of Pennsylvania under 18 Pa. C.S. Section 7507[]with twenty-three (23) counts of invasion of privacy (M2) and under 18 Pa. C.S. Section 907 with nine (9) counts of possessing an instrument of crime (M1).

3. Said charges were brought against [Laurenzi] in connection with incidents that were allegedly discovered to have occurred in Norristown, Montgomery County on or about August 16, 2022.

4. The aforementioned criminal complaint was filed with Magisterial District Court 38-1-16 on or about November 16, 2022.

- 4 -

5. A preliminary hearing was scheduled for December 7, 2022, in front of Magisterial District Judge ("MDJ") Margaret A. Hunsicker. This first listing was continued by MDJ Hunsicker and rescheduled to December 14, 2022.

6. The December 14, 2022 preliminary hearing was continued by defense counsel and rescheduled to January 18, 2023.

7. A preliminary hearing was held on January 18, 2023, wherein eight (8) counts of invasion of privacy and four (4) counts of possessing an instrument of crime were withdrawn, by agreement. The remaining charges were waived to the Montgomery County Court of Common Pleas for trial.

8. Formal arraignment was scheduled for March 1, 2023, in the Montgomery County Court of Common Pleas. On February 16, 2023, [Laurenzi] waived formal arraignment and entered a plea of not guilty to the pending charges.

9. On February 16, 2023, defense counsel entered his appearance and [Laurenzi] filed a petition to modify bail pursuant to Rule 529 of the Pennsylvania Rules of Criminal Procedure, requesting the court to remove the GPS monitoring condition of bail.

10. On March 22, 2023, a bail hearing was held in front of Judge Ferman to address [Laurenzi]'s bail motion, which was denied.

11. On July 14, 2023, a status conference was scheduled by Judge Ferman.

12. On September 25, 2023, the Commonwealth filed its notice of intent to seek the mandatory sentence.

13. On September 25, 2023, the Commonwealth passed discovery to defense counsel.

14. On September 29, 2023, the Commonwealth filed the bills of information.

15. On January 11, 2024, the Commonwealth emailed Lauren Heron, Deputy Court Administrator of the Criminal Division requesting that the instant matter be listed for its first pre-trial conference ("PTC").

16. On January 17, 2024, a [PTC] was scheduled before the undersigned on January 26, 2024.

17. On January 25, 2024, [Laurenzi] filed [a] motion for dismissal pursuant to Pa.R.Crim.P. Rule 600.

18. The [PTC] held on January 26, 2024 was continued at the request of defense counsel so that the Rule 600 hearing could be scheduled by court administration during the undersigned's criminal miscellaneous week of February 26, 2024.

19. On January 31, 2024, the Commonwealth filed a response to [Laurenzi]'s motion to dismiss pursuant to Rule 600.

20. On February 2, 2024, [the trial] court filed an order requiring the parties to submit memoranda of law, if they had not already done so, on [Laurenzi]'s motion for Rule 600 dismissal.

21. On February 5, 2024, the Rule 600 hearing was scheduled for February 26, 2024.

22. On February 7, 2024, the Commonwealth requested that the February 26, 2024 hearing be moved to March 1, 2024, as assigned Commonwealth counsel was attached for trial in another matter and she was a material witness to the circumstances surrounding the instant case.

23. On February 14, 2024, [Laurenzi] filed [a] memorandum of law in support of [his] motion for dismissal pursuant to Rule 600.

24. [The trial] court finds as fact that the instant matter is a post pandemic case.

25. The testimony of Lauren Heron, Deputy Court Administrator of the Criminal Division, indicated that the instant matter should have been listed in October of 2023, but was not due to administrative error. Ms. Heron further testified that this matter should have been listed in November of 2023 and December of 2023, but was not due to administrative error.

26. The testimony of Karla Pisarcik, Esquire, the assistant district attorney ("ADA") assigned to this matter indicated that she performed a file review of this matter on or about September of 2023. After review of same, she forwarded discovery to defense

counsel and filed a notice to invoke the mandatory sentence on September 25, 2023. Ms. Pisarcik also testified that on September 29, 2023, the bills of information were filed in this matter. Ms. Pisarcik testified that she was trial ready as of September 29, 2023. However, Ms. Pisarcik did not check the run date at that time.

27. The testimony of Ms. Pisarcik also revealed that she performs quarterly reviews on all of her files. Ms. Pisarcik reviewed the instant matter on October 8, 2023, and testified that no issues "jumped out at her" presumably because she had just reviewed the file a few weeks earlier. Ms. Pisarcik testified that nothing automatically triggered in her mind with respect to the run date because the matter had not even been scheduled for the first PTC at that time. She assumed that the matter was coming up for the first PTC listing because she had just done the file review in September of 2023. Ms. Pisarcik had no definitive reason as to why she did not check the run date at that time.

28. The testimony of ADA Pisarcik revealed that it was not until her quarterly review of this file on January 11, 2024 that she realized that this matter had never been scheduled for its first [PTC]. As a result, ADA Pisarcik emailed the deputy court administrator for the first time requesting that this matter be listed for a PTC. Additionally, it was at this time that Ms. Pisarcik checked the run date and learned that it had passed.

29. Following ADA Pisarcik's email to the deputy court administrator, the instant matter was promptly scheduled for a PTC to occur approximately two (2) weeks later on January 26, 2024.

30. During the Rule 600 hearing, defense counsel agreed that discovery was timely passed and that the bills of information had been timely filed. Defense counsel further agreed that neither of the aforementioned caused any delay.

31. [Laurenzi] relied on ***Commonwealth v. Browne*** for the proposition that it is not unreasonable or erroneous to expect the District Attorney's office to maintain a routine diary or docket system in order to unearth 'problem cases' under Rule 1100 (the precursor to current Rule 600), and that the failure to do so does not amount to due diligence, requiring the instant matter to be dismissed.

32. [Laurenzi] also relied on ***Commonwealth v. Sloan*** for the proposition that it is not reasonable for the Commonwealth to rely upon the arraignment clerk to schedule the pretrial conferences properly within the parameters of Rule 600, and as such the instant matter should be dismissed.

Findings of Fact and Conclusions of Law, 3/14/24, at 1-5 (unnecessary capitalization and some citations omitted).

Generally, under Rule 600, the Commonwealth must bring a defendant to trial within 365 days of filing the criminal complaint. ***See*** Pa.R.Crim.P. 600(A)(2)(a).

In a Rule 600 analysis, the "mechanical run date" is 365 days after the complaint was filed. The "adjusted run date" is then calculated by adding any time that is "excluded from the computation" under Rule 600(C)(1). If a defendant is not brought to trial by the adjusted run date, the case is dismissed.

***Commonwealth v. Malone***, 294 A.3d 1247, 1249 (Pa. Super. 2023) (citations omitted). In determining the adjusted run date, Rule 600 further explains:

periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

- 8 -

Pa.R.Crim.P. 600(C)(1);[1] **see also** Pa.R.Crim.P. 600, cmt. ("If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded.") (citations omitted).

Our Supreme Court recently explained that the first sentence of Rule 600(C)(1) provides "the general rule" and establishes "two requirements that must be met for delay to count toward the 365-day deadline: (1) the Commonwealth caused the delay and (2) the Commonwealth failed to exercise due diligence." **Commonwealth v. Lear**, 325 A.3d 552, 560 (Pa. 2024) (citations and internal quotation marks omitted). The **Lear** Court clarified that "the causation analysis precedes the due diligence inquiry, and it is only when the Commonwealth both caused the delay and lacked due diligence that the delay is properly included in the Rule 600 calculation." **Id.** at 560 n.7.

"Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." **Commonwealth v. Selenski**, 994 A.2d 1083, 1089 (Pa. 2010) (citation omitted). Due diligence must be demonstrated by a preponderance of the evidence. **See Wiggins**,

_____

[1] In 2012, the Pennsylvania Legislature enacted a new Rule 600, effective as of July 1, 2013. The general dictates of new Rule 600 remained the same as they were prior to adoption, but the prior distinctions between excludable time and excusable delay were abandoned for streamlined review of Commonwealth's due diligence, with a failure to exercise due diligence being considered "includable time." **Commonwealth v. Wiggins**, 248 A.3d 1285, 1289 (Pa. Super. 2021) (citation omitted).

248 A.3d at 1289. Rule 600 "expressly calls upon a trial court to assess the Commonwealth's due diligence throughout the life of a case, when faced with a claim that the Commonwealth violated a defendant's speedy trial rights." **Commonwealth v. Harth**, 252 A.3d 600, 617 (Pa. 2021). Relevantly, this Court has not required the Commonwealth to notify a "court of an imminent run-date violation [as] a necessary condition to due diligence." **Commonwealth v. Robbins**, 900 A.2d 413, 417 (Pa. Super. 2006). Nevertheless, the Commonwealth's failure to notify a court of an impending Rule 600 violation may "factor" into the due diligence analysis. **See id.**

Addressing the second sentence of Rule 600(C)(1), the **Lear** Court explained that "'any other periods of delay' — meaning any periods of delay not caused by the Commonwealth or not resulting from the Commonwealth's lack of due diligence — are 'excludable' and are removed from the computation of the Rule 600 deadline." **Lear**, 325 A.3d at 560 (brackets and citation omitted).

Laurenzi argues (1) the Commonwealth failed to exercise due diligence in bringing his case to trial within the time prescribed by Rule 600; (2) the circumstances occasioning the delay of his trial were not beyond the Commonwealth's control; and (3) any such delay of his trial was not attributable to "judicial delay," and therefore subject to exclusion from the time computation, pursuant to Rule 600 (C)(1).

Here, the mechanical run date — 365 days from the date of the filing of the complaint — was November 16, 2023. Based on two periods of delay that the parties stipulated are not attributable to the Commonwealth, the adjusted run date was December 28, 2023. It is uncontested that the Commonwealth did not contact Court Administration about its failure to timely schedule a pretrial conference until two weeks after this adjusted run date.

In its conclusions of law, the trial court finds that the time period between when the matter should have been scheduled for its first pretrial conference, and when it was scheduled for its first pretrial conference, is "excusable delay, not on the Commonwealth, but attributed to administrative error beyond the Commonwealth's control." Findings of Fact and Conclusions of Law, 3/14/24, at 11.

We do not reach a determination of whether or not this conclusion was in error, as even if we assume *arguendo*, that this time period was, at least partly, in the Commonwealth's control, we cannot find the trial court abused its discretion in its secondary conclusion that the Commonwealth acted with due diligence during the prosecution of this matter. **See id**. at 12.

On appeal, Laurenzi asserts this Court's decision in **Commonwealth v. Sloan**, 67 A.3d 1249 (Pa. Super. 2013) is dispositive on this issue.

In **Sloan**, the Commonwealth charged the defendant by criminal complaint on July 30, 2008, yet did not file the criminal information until May 11, 2009. Sloan was then arraigned on June 22, 2009. The next day, the trial

court's arraignment office scheduled a pre-trial conference for July 31, 2009, which was one day after Rule 600 expired. The parties appeared in court on July 30, 2009, and the judge set trial for August 27, 2009. *See id.* at 1253.

Sloan moved for dismissal under Rule 600. The trial court denied the motion, finding the Commonwealth was not responsible for the arraignment office's failure to take notice of the Rule 600 run date. *See id.* at 1254.

On appeal, this Court reversed, holding the Commonwealth failed to demonstrate due diligence when it unreasonably relied on the arraignment clerk to schedule a pretrial conference within the parameters of Rule 600, where the rule relating to scheduling of pretrial conferences had no specific time limit within which a pretrial conference was required to be scheduled. *See id.* at 1254. The *Sloan* Court observed, however, that sole reliance on the arraignment clerk was inappropriate under the circumstances, in light of the Commonwealth's own seven-month delay in filing an information against the defendant. *See id.*

Unlike in *Sloan*, the case at hand does not involve any Commonwealth delay. During the Rule 600 hearing, defense counsel conceded that discovery was timely passed and that the bills of information had been timely filed, agreeing that neither of the aforementioned caused any delay. Accordingly, we find reliance on *Sloan* to be misplaced.

In support of his argument, Laurenzi also cites to *Commonwealth v. Browne*, 584 A.2d 902 (Pa. 1990), in which the Pennsylvania Supreme Court

rejected the Commonwealth's argument that "it would be unduly harsh to require the office of the district attorney to monitor cases being returned to the court in order to unearth 'problem cases' under Rule [600]." *Id.* at 905 (record citation omitted).

However, we find a careful reading of **Browne** does not support Laurenzi's use of that case under the circumstances here. In **Browne**,

> the defendant was issued a Notice of Arraignment by the district justice at the conclusion of the preliminary hearing. Under the system of arraignments and criminal trials in the relevant county, the trial date that corresponded to the defendant's arraignment date resulted in a situation where the trial would not commence until well beyond the mechanical run date under Rule 1100. Relevant to our ultimate decision, under the local county rules applicable in **Browne**, the district attorney was responsible for conducting the arraignments. When the potential Rule 1100 violation became apparent, the Commonwealth sought an extension of the run date, which was denied by the trial court, resulting in the eventual grant of the defendant's Rule 1100 motion. The Superior Court reversed and reinstated the charges, finding that the Commonwealth exercised due diligence and that the delay was due to the district justice's scheduling of the arraignment.
>
> [The Supreme Court] reversed, concluding that the Commonwealth failed to exercise due diligence. [The Supreme Court] stated that to act with due diligence, prosecutors must do everything reasonable within their power to see that the case is tried on time. [The Supreme Court] determined that the district attorney's actions were not reasonable in **Browne**: "Particularly in light of the Lancaster County District Attorney's heavy responsibility under Local Rule 303 (with respect to conducting arraignments) ..., it is not unreasonable or erroneous to expect the District Attorney's Office to track arraignment dates on a routine basis."

**Commonwealth v. Bradford**, 46 A.3d 693, 703–04 (Pa. 2012) (citations and some quotation marks omitted).

Unlike in **Browne**, the Commonwealth in the instant case simply did not share the same responsibility in the judicial administration process as the Commonwealth had in **Browne**. The scheduling decisions, rather, are controlled by the Court Administrator.

Further, unlike in **Sloan** and **Browne,** the ADA herein had a system of monitoring cases. We acknowledge that it is uncontested that that system did not ultimately catch a Rule 600 issue here. However, Laurenzi's argument essentially asks us to find that the Commonwealth's efforts to monitor the progression of this case fell short of "perfect vigilance and punctilious care." **Selenski**, 994 A.2d at 1089. Our standard of review does not permit us to adopt such a strict analysis. Instead, we conclude the trial court did not err in finding the Commonwealth sufficiently established that which is actually required, "a showing the Commonwealth has put forth a reasonable effort." **Id.** (citation omitted); **see also Sloan**, 67 A.3d at 1252.

Under these circumstances, we cannot conclude that the trial court abused its discretion in finding the Commonwealth exercised due diligence where the Commonwealth clearly attempted to monitor the progression of this case multiple times, albeit mistakenly missing a. potential upcoming speedy trial issue; and upon realizing the court administration's error of failing to timely schedule this case for a pretrial conference, took the necessary steps to notify court administration to have them get this case on the schedule right away. Therefore, the trial court did not err in denying Laurenzi's Rule 600

motion. ***See*** Pa.R.Crim.P. 600, cmt. ("If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded.") (citations omitted).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/25/2025